# Lexington Telephone Co., Inc. v. Hurt.

November 11, 1949.

J. Marshall McCann and John G. Atchison for appellant.
Leer Buckley and Carl Eversole for appellee.

CLAY, COMMISSIONER—Reversing.

The Lexington Telephone Company appeals from a judgment in favor of appellee awarding property damages resulting from a collision between two automobiles. The Company was indirectly involved, and the principal ground for reversal is that it was entitled to a directed verdict.

Appellee was driving toward Richmond from Lexington, and a Mr. Cantrell was operating an automobile in the opposite direction. It was dark, and there is evidence it had been raining. The two automobiles collided, precipitating appellee's vehicle off the highway and into a telephone pole owned by appellant. After the accident it was discovered that a telephone line hung down across the highway two or three feet above it.

It is appellee's theory that this wire was down prior to the accident; that Mr. Cantrell ran into it; and the contact jerked his automobile over in front of appellee. We refer to this as a ''theory'' advisedly, as there was no proof of consequence to establish this chain of events as a fact. When appellee closed his case the only evidence that could connect appellant with the accident was the presence of the dislodged wire *after* appellee's automobile had struck the telephone pole. We cannot comprehend how this constituted any proof of appellant's negligence.

Later the deposition of Mr. Cantrell was read, and it is apparent from his testimony that he was completely confused with regard to the entire details of the incident. Even so, he stated that he did not see any telephone wires. Being pressed further he testified that he was told what happened, and he ventured the supposition he had come in contact with a wire.

The only other factors stressed by appellee to sustain the verdict are that a photograph of Mr. Cantrell's car shows the top was torn, and the jury had an opportunity of viewing the premises. The damage to the car fails to indicate it was caused by a telephone wire, and the jury's view of the premises could not possibly throw any light on the pivotal situation existing just before the collision.

To justify the verdict, the jury was required to

infer that the wire was down in a dangerous position prior to the accident, that the condition should have been known to appellant, that the latter was negligent, and that this was the proximate cause of the accident. Appellee's chain of conjecture breaks down in the initial stages because a permissible inference must be based on an established fact. See Sutton's Administrator v. Louisville and Nashville Railroad Company, 168 Ky. 81, 181 S. W. 938; City of Ashland v. Burley, 265 Ky. 176, 96 S. W. 2d 581; and Donahue v. Louisville & N. R. Co. et al., 274 Ky. 364, 118 S. W. 2d 716. Yet there was no positive proof concerning the position of the wire *prior* to the accident.

Appellee insists the doctrine of "res ipsa loquitur" applies. Obviously it is inapplicable where the existence of an instrumentality or condition, causing the accident and fairly attributable to the negligence of the defendant, is not established.

The trial court erred in not directing a verdict for appellant.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.